IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE UNITED STATES OF　　　　　　　　*
AMERICA,

v.　　　　　　　　　　　　　　　　　*　　　　CRIMINAL NO. JKB-16-485

SHERIMA BELL, et al.,　　　　　　　*

Defendants.　　　　　　　　　　　　*

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court held a motions hearing in this case on November 8, 2017, to address various pretrial motions, including those filed by Defendant Jocelyn Byrd seeking dismissal of the Superseding Indictment on speedy trial grounds (ECF No. 1043) or, in the alternative, severance from her codefendants to protect her right to a speedy trial (ECF No. 1041). The issues have been briefed and argued by the parties and are now ripe for resolution. Defendant Byrd's motions are not without merit; however, the Court ultimately concludes that neither her constitutional nor statutory right to a speedy trial has been violated given the totality of the circumstances present in this case. Moreover, severance is not warranted on speedy trial grounds. Accordingly, Defendant Byrd's motions will be DENIED.

*I.  Background*

On September 29, 2016, a grand jury returned a two-count Indictment against Defendant Byrd and forty codefendants charging each of them with one count of conspiring to violate the Racketeer Influenced and Corrupt Organizations ("RICO") Act (18 U.S.C. § 1962(d)) and one count of conspiring to distribute and possess with intent to distribute narcotics (21 U.S.C. § 846). That same day, the grand jury also returned a four-count indictment in a companion case, *United*

*States v. Bohl, et al.*, Case No. JKB-16-484 (D. Md. 2016), naming thirty-nine codefendants and alleging similar charges. As in this case, all of the defendants in *Bohl* were charged with one count of conspiring to violate RICO (18 U.S.C. § 1962(d)) and one count of conspiring to distribute and possess with intent to distribute narcotics (21 U.S.C. § 846).[1] Thus, a total of eighty defendants were charged with racketeering conspiracy across the two closely related cases.

The indictments alleged a wide-ranging conspiracy to violate RICO through an agreement to carry out racketeering acts at Eastern Correctional Institution ("ECI"), a medium-security prison operated by the Maryland Department of Public Safety and Correctional Services. ECI houses more than 3,300 inmates and employs over 600 correctional officers, making it the largest state prison in Maryland. The facility is divided into two wings (east and west) on a 620-acre parcel of land near Westover, Maryland, in Somerset County, on Maryland's Eastern Shore. The indictments alleged that three categories of individuals—inmates, correctional officers, and outside facilitators—conspired to enrich themselves and corrupt the legitimate purposes of ECI through the distribution of drugs and contraband inside the prison. Additionally, the indictments alleged that various defendants engaged in bribery and money laundering in furtherance of the purported enterprise. Defendant Byrd, who was a correctional officer at ECI, is alleged to have participated in multiple racketeering acts in furtherance of the charged enterprise.

On October 5, 2016, Defendant Byrd made her initial appearance before the Court. The last of her codefendants had his initial appearance before the Court on November 9, 2016. On December 16, 2016, the Government filed motions in both cases (Case No. 16-484, ECF No. 395; Case No. 16-485, ECF No. 413) to exclude time under the Speedy Trial Act pursuant to 18

---

[1] A small number of defendants in *Bohl* were also charged in two counts with deprivations of rights under color of law in violation of 18 U.S.C. § 242.

U.S.C. § 3161(h)(1), (h)(7)(A). The Government contended that, given the number of defendants in each case and the extensive discovery materials, additional time beyond the seventy-day period normally required under 18 U.S.C. § 3161(c)(1) was necessary to allow the parties to conduct plea negotiations and, in the event those negotiations were unsuccessful, to prepare pretrial motions. The Court granted the motions that same day, finding that "in order to allow the Government and defense counsel to pursue plea negotiations and in order to allow defense counsel to review discovery and prepare pretrial motions, the ends of justice served by continuing the trial of this matter outweigh the best interests of the public and the defendants in a speedy trial." (Case No. 16-484, ECF No. 396; Case No. 16-485, ECF No. 414.) Specifically, the Court ordered that "the time between the defendants' initial appearances and the trial in this matter is excluded in computing the time within which trial must commence." (*Id.*)

After the Court had granted the Government's motion to exclude time, Defendant Byrd objected on several grounds. (Case No. 16-485, ECF No. 419.) On January 6, 2017, the Court held a hearing on Defendant Byrd's objections and ultimately denied her motion that time not be excluded because "plea negotiations between the Government and codefendants in both . . . cases ha[d] been ongoing from October 5, 2016," the date of Defendant Byrd's initial appearance, and "for the other reasons stated in open court." (Case No. 16-485, ECF No. 427.) At the time of the Court's order to exclude time, the Government had obtained guilty pleas from three of Defendant Byrd's codefendants and from two defendants in the companion case. Since that time, an additional sixty-one defendants have pleaded guilty between the two cases—an average of more than one guilty plea per week over the last ten months.

On September 12, 2017, the grand jury returned a Superseding Indictment in each case, charging each of the remaining defendants with one count of violating RICO (18 U.S.C. §

1962(c))—that is, a substantive violation of RICO as opposed to the original RICO conspiracy that was charged. (Case No. 16-484, ECF No. 860; Case No. 16-485, ECF No. 975.) Defendant Byrd was also charged with one count of conspiring to distribute and possess with intent to distribute controlled substances (21 U.S.C. § 841, 846) and one forfeiture count (18 U.S.C. § 1963).

The Court held a scheduling conference on October 3, 2017. During that conference the Court set trial dates in both cases. Due to existing conflicts between the various parties' calendars and the Court's calendar, the earliest available date for trial was June 18, 2018. The Court set that date for trial in Case No. 16-485, Defendant Byrd's case, and has since transferred the remaining defendants in Case No. 16-484 to Judge Deborah K. Chasanow to preside over any remaining proceedings against them. The Court also granted the defendants in both cases an opportunity to file additional pretrial motions relevant to the Superseding Indictments handed down in September 2017. Defendant Byrd now seeks dismissal under the Sixth Amendment and the Speedy Trial Act or, alternatively, severance on speedy trial grounds

## II. Analysis

Defendant Byrd moves to dismiss the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(iii) and 18 U.S.C. § 3162(a)(2). In other words, she contends that both her constitutional and statutory rights to a speedy trial have been violated. Alternatively, Defendant Byrd argues that her trial must be severed from that of her codefendants in order to protect her right to a speedy trial. Defendant Byrd's arguments are far from frivolous, and indeed, were the circumstances of this case (and its companion case) not what they are, she very well may be entitled to the relief she seeks. Under the totality of the circumstances present *here*, however, the delay is reasonable. Although close to crossing the line and becoming

unreasonable, the delay is justified given the scale of the Government's investigation, the number of defendants charged, and the Government's diligence in prosecuting the case. More importantly, Defendant Byrd is not detained and there is no indication that her ability to present a defense has been or will be prejudiced by the delay. Thus, she cannot show a violation of her constitutional or statutory right to a speedy trial. And because the delay has not and will not infringe on Defendant Byrd's right to a speedy trial, severance is not necessary to protect that right.

### A. *Sixth Amendment Speedy Trial Right*

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. A violation of the speedy trial right requires dismissal of the indictment. *Barker v. Wingo*, 407 U.S. 514, 522 (1972). "In order to prove a Sixth Amendment violation in this context, a defendant must show first that the Amendment's protections have been triggered by arrest, indictment, or other official accusation." *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005) (internal quotations omitted). If the Sixth Amendment protections are triggered, and there is no dispute that they are here, a court next must consider whether dismissal is warranted based on the totality of the circumstances, paying particular attention to the four factors identified by the Supreme Court in *Barker*. Those factors are: "Length of delay, the reason for the delay, the defendant's assertion of h[er] right, and prejudice to the defendant." *Barker*, 407 U.S. at 530; *accord Woolfolk*, 399 F.3d at 597.

The first of these, the length of the delay, serves a dual purpose: "In addition to being a factor, the first inquiry is also a threshold requirement, because '[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay.'" *Woolfolk*, 399 F.3d at 597

(quoting *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)). If the delay is sufficient to trigger a full inquiry, then "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination" is "one factor among several" to be considered by the court. *Doggett*, 505 U.S. at 652; *see also United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009) ("To prevail on [a] speedy trial claim, . . . Defendant[] [is] obliged, under *Barker*, to establish 'that on balance, [the] four separate factors weigh in [her] favor.'" (quoting *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995))). Ultimately, however, none of the four factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Barker*, 407 U.S. at 533. Courts undertaking this inquiry must always bear in mind "that the accused's interest in a speedy trial is *specifically affirmed* in the Constitution." *Id.* (emphasis added).

The relevant period of delay here is sufficient to trigger a full inquiry under the *Barker* factors. The Court deems the relevant period of delay to be from the original Indictment charging Defendant Byrd (September 29, 2016) to the scheduled trial date (June 18, 2018).[2] This period is between twenty and twenty-one months and is "presumptively prejudicial." *Woolfolk*, 399 F.3d at 597; *accord Doggett*, 505 U.S. at 652 n.1. That said, the extent to which the delay will stretch "beyond the bare minimum needed to trigger judicial examination"—approximately eight months—is not extraordinary. *Doggett*, 505 U.S. at 652. This is significant, because "the presumption that pretrial delay has prejudiced the accused intensifies over time." *Id.*; *see United*

---

[2] The Government suggests that the Superseding Indictment may have reset Defendant Byrd's speedy trial clock. (ECF No. 1061 at 11 (citing *United States v. Ventura*, No. CRIM. WDQ-10-0770, 2013 WL 1455278, at *23 (D. Md. Apr. 8, 2013) (noting that "several courts have held that the 70–day clock is reset by the filing of a superseding indictment"). The Court need not decide whether a Superseding Indictment in general, or in this case specifically, resets the speedy trial clock because, even assuming it does not, Defendant Byrd's speedy trial rights have not been violated.

*States v. Grimmond*, 137 F.3d 823, 827 (4th Cir. 1998) (finding no Sixth Amendment violation despite presumption of prejudice in case involving thirty-five month delay); *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995) (finding no Sixth Amendment violation despite presumption of prejudice in case involving two and a half year delay); *cf. Amos v. Thompson*, 646 F.3d 199, 206–07 (5th Cir. 2011) ("The bare minimum required to trigger a *Barker* analysis is one year. A delay must persist for at least eighteen months over and above that bare minimum for this factor to strongly favor the accused."). Accordingly, Defendant Byrd is entitled to a minimal presumption of prejudice based on the length of delay. This presumption, however, is bolstered by the fact that Defendant Byrd has consistently asserted her right to a speedy trial from early in this case—i.e., the third *Barker* factor. *See, e.g., Hall*, 551 F.3d at 272 ("A 'defendant's assertion of [her] speedy trial right . . . is entitled to strong evidentiary weight in determining whether [she] is being deprived of the right.'" (quoting *Barker*, 407 U.S. at 531–32)). Thus, the first and third *Barker* factors weigh in Defendant Byrd's favor.

Under the second factor—the reason for the delay—the Court must determine "whether the government or the criminal defendant is more to blame for [the] delay." *Doggett*, 505 U.S. at 651. The Government bears the burden for justifying the delay because "the Government bears the ultimate burden of bringing the accused to trial." *United States v. Knox*, No. 4:05CR58, 2006 WL 8093043, at *9 (E.D. Va. Apr. 5, 2006). In evaluating the reason for the delay, courts should "specifically focus[] on the intent of the prosecution" and characterize the delay as either "valid, improper, or neutral." *Hall*, 551 F.3d at 272. Here, the Court concludes that the reason for the delay is a neutral factor. There is no indication that the Government deliberately delayed the trial or that it acted negligently in prosecuting the case. On the contrary, the Court has been impressed with the Government's diligence and efficiency as it has negotiated sixty-six guilty

pleas in this case and the companion case since the filing of the indictments just over a year ago. Additionally, the Government was prepared to try this case well before the date set by the Court, but due to scheduling conflicts among counsel for other defendants and the Court's own full criminal trial schedule, the earliest available date for all parties and the Court was not until June 2018.

The Government, however, must also bear some of the blame. The Government decided to seek not one but two forty-person indictments, which has effectively amounted to one eighty-person conspiracy case. The Government decided to negotiate plea agreements with defendants in both cases before proceeding to trial against any individual or group of defendants. And the Government decided to seek to join the remaining defendants in the Superseding Indictment filed nearly a year after the original Indictment. In short, the predicament that the Government now finds itself in with regard to Defendant Byrd is very much of its own making. When the Government chooses to seek to indict so many individuals together, and to proceed in the fashion it has here, speedy trial concerns will inevitably arise as to those defendants who maintain their innocence and proceed to trial. Indeed, this case perfectly illustrates the problem: As the Court has already noted, the Government has proceeded diligently and efficiently from the outset, yet still finds itself, at least in the Court's view, up against the outer bounds of reasonableness in justifying the delay as to Defendant Byrd and others similarly situated to her. This, of course, raises an important question: How many defendants are too many? Given the "fact-intensive" nature of the *Barker* inquiry, there is no bright-line answer to this question. *Woolfolk*, 399 F.3d at 598. Surely, however, there is a point at which the Government's decision to join a large number of defendants in a single indictment—no matter its prosecutorial diligence—crosses the line and becomes an *unreasonable* basis for the delay to an individual defendant. For present

purposes, it is enough to observe that under the circumstances here, the Government is standing with the toes of both feet within millimeters of that line.

Last, the Court turns to the fourth *Barker* factor—prejudice to the Defendant resulting from the delay.

> Prejudice "should be assessed in the light of the interests . . . the speedy trial right was designed to protect." These interests include: (1) preventing oppressive pretrial incarceration, (2) minimizing the anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. Of these, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."

*Grimmond*, 137 F.3d at 829–30 (alteration in original) (citations omitted) (quoting *Barker*, 407 U.S. at 532). Defendant Byrd is not incarcerated and, significantly, she does not contend that her defense has been or will be impaired by the delay of her trial. Instead, she argues that the presumption of prejudice that arises from a delay of over one year and "the financial and emotional burden that has weighed on [her] as a result of these charges," tip the balance in her favor. (ECF No. 1043 at 4) The Court does not make light of the anxiety felt by the criminally accused; however, there is no indication that Defendant Byrd's anxiety is "greater than that faced by 'anyone openly subject to criminal investigation.'" *Hall*, 551 F.3d at 272 (quoting *United States v. MacDonald*, 456 U.S. 1, 9 (1982)). In other words, Defendant Byrd's anxiety does not exist in a vacuum; rather it must be viewed in conjunction with the other factors. The financial and emotional prejudice to her "intensifies over time," *Doggett*, 505 U.S. at 652, and, after a significant delay, *could* cross the threshold from ordinary to extraordinary prejudice. The delay here is not so great as to render Defendant Byrd's financial and emotional burden unfairly prejudicial. Accordingly, given the lack of any actual prejudice to Defendant Byrd's defense as a result of the delay, the Court finds that the last Barker factor weighs in favor of the Government.

The difficulty in balancing these factors is perhaps nowhere more evident than in a case like this one. Defendant Byrd has endured a lengthy—but not extraordinary—delay, not due to bad faith or even negligence on the part of the Government, but rather because of the Government's decision to seek to indict such a large number of individuals together. The delay is sufficient to trigger a full inquiry under *Barker*, but only barely so. Although this case is somewhat close, the lack of any concrete prejudice to Defendant Byrd's defense ultimately tips the scale in the Government's favor. Accordingly, the Court concludes based on the totality of the circumstances that Defendant Byrd's Sixth Amendment right to a speedy trial has not been violated.

### B. *Speedy Trial Act*

The Speedy Trial Act requires a trial to commence within 70 days of either the filing of an indictment or the defendant's appearance before a judge, whichever occurs later. *See* 18 U.S.C. § 3161. If a co-defendant's initial appearance occurs at a later date, the speedy trial clock begins on that later date. *Henderson v. United States*, 476 U.S. 321, 323 (1986) ("The Speedy Trial Act requires that trial begin within 70 days of the latest indictment, information, or appearance-in this case."). "Any period of delay resulting from other proceedings concerning the defendant" may be excluded from the speedy trial clock. 18 U.S.C. § 3161(h)(1). "'Other proceedings' [under § 3161(h)(1)] include plea negotiations." *United States v. Keita*, 742 F.3d 184, 188 (4th Cir. 2014). The Act further provides that a "reasonable period of delay" may be excluded "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Thus, to the extent Defendant Byrd's codefendants were engaged in plea negotiations, the time for which was excluded from their speedy trial clocks pursuant to § 3161(h)(1), that time may also be excluded from

Defendant Byrd's speedy trial clock so long as the delay is reasonable as to her. *See, e.g.*, *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999) ("Excludability under [§ 3161(h)(6)] is not automatic; the period of delay must be 'reasonable.'" (citing *Henderson v. United States*, 476 U.S. 321, 326–27 (1986))).

The reasonableness of a delay depends on the totality of the circumstances in a given case. *See United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998) (noting that courts should "gauge the reasonableness of delay on a case by case basis, given the fact-bound nature of the inquiry"); *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986) ("In determining reasonableness of the period excluded, all relevant circumstances must be considered."); *United States v. Dennis*, 737 F.2d 617, 621 (7th Cir. 1984) (stating that "whether ... delay [i]s reasonable will depend on the facts of each case"). This inquiry is informed by the purpose behind § 3161(h)(6), which was adopted "to make sure that [the Speedy Trial Act] does not alter the present rules on severance of codefendants by forcing the [g]overnment to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under section 3162." S. Rep. No. 93-1021 (1974). In other words, consistent with the "primary purpose of the Speedy Trial Act"—to accelerate criminal trials—"Congress recognized the utility of *multi-defendant* trials to effectuate the prompt efficient disposition of criminal justice." *United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir. 1982) (emphasis added); *see United States v. Novak*, 715 F.2d 810, 814 (3d Cir. 1983) ("The Legislative history of section 3161(h)[(6)] illustrates a strong congressional preference for joint trials and an intention that delays resulting from the joinder of codefendants be liberally excluded."), *abrogated on other grounds by United States v. Felton*, 811 F.2d 190 (3d Cir. 1987). Accordingly, it added a carve-out to the Speedy Trial Act—§ 3161(h)(6)—for circumstances such as those present here.

For many of the same reasons explained *supra* in regard to Defendant Byrd's constitutional claim, the Court concludes that the delay here is reasonable and therefore does not violate the Speedy Trial Act. As evidenced by the rate of over one guilty plea per week since the filing of the indictments in these companion cases, Defendant Byrd's codefendants have been actively engaged in plea negotiations with the Government. This time is excludable as to them and is likewise excludable as to her given the "strong congressional preference for joint trials," *Novak*, 715 F.2d at 814, embodied within the Speedy Trial Act itself. Moreover, the delay between now and the scheduled trial, which is largely attributable to the Court's already full trial schedule in the coming months, is also reasonable. *See, e.g., United States v. Darby*, 744 F.2d 1508, 1518 (11th Cir. 1984) ("[A] period of delay is reasonable under section 3161(h)[(6)] if it appears necessary in order for the trial court to dispose of the underlying motions, '*for the court to conduct previously scheduled trials*,' or 'for [codefendants] to obtain new counsel.'" (emphasis added) (citations omitted)).

Nor is Defendant Byrd entitled to severance on speedy trial grounds. Defendant Byrd's speedy trial rights have not been violated and will not violated if the trial begins on June 18, 2018, as scheduled. Therefore, severance is not necessary to protect her right to a speedy trial.[3]

### III. Conclusion

For the foregoing reasons, Defendant Byrd's motion to dismiss (ECF No. 1043) and her motion to sever (ECF No. 1041) are DENIED.

---

[3] Defendant Byrd also moved for severance on other grounds which the Court has already denied for the reasons stated in open court. (ECF No. 1094, Order.)

DATED this 14 day of November, 2017.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge